■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY WEITHERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered June 14, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, indictment dismissed, and matter remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Criminal Term erred in charging criminal possession of a weapon in the third degree as a lesser included offense of criminal possession of a weapon in the second degree. The element of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), that the possession not take place in the defendant's home or place of business, is a material element of the crime which must be pleaded and proved by the People *(People v Rodriguez,* 68 NY2d 674, *revg* 113 AD2d 337, 343 *on dissenting opn of Justice Lazer).* That crime cannot be a lesser included offense of criminal possession of a weapon in the second degree (Penal Law § 265.03) inasmuch as the element of where the possession of the weapon occurred is not an element of the latter crime *(see, People v Glover,* 57 NY2d 61, 63; *see also, People v Ali,* 36 NY2d 880, 882). As criminal possession of a weapon in the third degree was the sole count of which the defendant was convicted, the indictment must be dismissed. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.