■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY MABRY, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 9, 1987, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, criminal possession of a weapon in the third degree is not a lesser included offense of criminal possession of a weapon in the second degree. Thus, it was not error for the court to find him guilty on both counts and impose concurrent terms of imprisonment for both crimes *(see, People v Okafore,* 72 NY2d 81, 89, n 3; *People v Ruiz,* 144 AD2d 599; *People v McGriff,* 123 AD2d 646, *lv denied* 69 NY2d 714; *People v Weithers,* 123 AD2d 456). To the extent that our decision in *People v Jackson* (140 AD2d 458) reached a contrary conclusion, it is hereby overruled.

Because the conviction of both crimes resulted from a single trial pursuant to one indictment and because concurrent sentences were imposed *(see,* Penal Law § 70.25 [2]), the defendant was not subjected to double jeopardy or double punishment *(cf., Matter of Johnson v Morgenthau,* 69 NY2d 148).

We further find that the sentencing court did not err by imposing a consecutive term of imprisonment upon his conviction of manslaughter in the first degree *(see,* Penal Law § 70.25 [2]; *People v Robbins,* 118 AD2d 820, *lv denied* 67 NY2d 949). "Once the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime" *(People v Almodovar,* 62 NY2d 126, 130).

We have reviewed the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.