■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN TOTTEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered November 27, 1985, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, since criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) includes the element that the possession not occur in the defendant's home or place of business, that crime is not a lesser included offense of criminal possession of a weapon in the second degree, for which the location of the possession of the weapon is not an element (see, People v Okafore, 72 NY2d 81, 89, n 3; People v Mabry, 151 AD2d 507).

In addition, viewing the evidence adduced at the trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Based upon the testimony of the People's witnesses, the jury could reasonably infer that the defendant's gun was operable. This is so despite the fact that the jury acquitted the defendant of a murder count, which required more than proof that the defendant's gun was operable. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.