■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CRUTCH, Appellant.—Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered April 14, 1986, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him to a term of from 1½ to 4½ years' imprisonment, unanimously affirmed.

The basic issue raised by defendant is that the People failed to disprove that the hallway where he was frisked and arrested was part of his "home" within the context of Penal Law § 265.02 (4). However, it is uncontroverted that when defendant provided pedigree information after his arrest, he gave an address other than the building where the arrest took place. Likewise, the dispute in which the police intervened, and during which defendant's gun was recovered by the police, occurred in a hallway on a different floor from the apartment of his girlfriend, who testified that he resided with her. There was no credible evidence that public access to the hallways of the building was limited in any way and we note that the police and the girlfriend's brother apparently gained easy access without the use of keys. Thus, it cannot be said, either as an issue of fact or as a matter of law, that the scene of defendant's search and seizure constituted his "home" within the context of Penal Law § 265.02 (4) *(see, People v Powell,* 54 NY2d 524). Nor, do we find that the court's instruction, with respect to the jury's determination of whether this hallway was defendant's "home", was inconsistent with established law *(see, People v Powell, supra,* at 530). Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin.