■ The People of the State of New York, Respondent, v Frank Oglesby, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered March 15, 1989, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was originally charged, in Kings County

Indictment No. 6074/83, with the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree and assault in the first degree. Upon the trial of the foregoing indictment, and after the close of evidence, the Supreme Court, acting as trier of fact, informed the parties that it would be considering the crimes of criminal possession of a weapon in the third degree and assault in the second degree as lesser included offenses. It is conceded by the parties upon the present appeal that the crime of criminal possession of a weapon in the third degree is not a lesser included offense of criminal use of a firearm in the first degree. After completing its deliberations, the Supreme Court acquitted the defendant of all counts contained in the indictment, but convicted him of the two "lesser included" counts, i.e., criminal possession of a weapon in the third degree and assault in the second degree.

On appeal, this court reversed the defendant's conviction on grounds unrelated to the issues raised herein and dismissed the indictment pursuant to *People v Beslanovics* (57 NY2d 726), without prejudice to the People to represent any appropriate charges to another Grand Jury *(see, People v Oglesby,* 137 AD2d 840). Thereafter, the People obtained Kings County Indictment No. 6365/88, which charged the defendant with the two crimes of which he had originally been convicted and a third crime, criminal possession of a weapon in the second degree, which had not been included in the original indictment. The defendant ultimately pleaded guilty to the lesser crime of attempted criminal possession of a weapon in the second degree in full satisfaction of the indictment. On appeal, the defendant concedes that his plea of guilty constituted a forfeiture of all nonjurisdictional defects in the proceedings *(see, People v Prescott,* 66 NY2d 216, *cert denied* 475 US 1150; *People v Thomas,* 53 NY2d 338, 342), but contends, *inter alia,* that his constitutional "double jeopardy" rights, which survive a plea of guilty *(see, People v Prescott, supra),* were violated under the circumstances presented. We disagree.

Since the crime of criminal possession of a weapon in the second degree was neither contained in the original indictment nor considered as a lesser included offense, the defendant was not implicitly acquitted of that crime as a consequence of his first trial. The trial court expressly limited the counts it would be considering to those contained in the indictment and those which it had denominated as "lesser included" offenses. Accordingly, it cannot be concluded that the defendant was acquitted—implicitly or otherwise—of a

crime which was never submitted to, or considered by, the trier of fact in its deliberations *(cf., People v Mayo,* 48 NY2d 245). We note, moreover, that although the defendant was convicted of criminal possession of a weapon in the third degree at his first trial, his conviction thereon does not constitute a statutory acquittal of the crime of criminal possession of a weapon in the second degree, since the latter crime neither was submitted to the trier of fact *(see,* CPL 310.70 [3]), nor constituted a greater offense of criminal possession of a weapon in the third degree, of which the defendant was convicted *(see,* CPL 300.40 [3] [b]; 300.50 [4]; *People v Totten,* 161 AD2d 678; *People v Richardson,* 151 AD2d 514; *People v Mabry,* 151 AD2d 507).

We have reviewed the defendant's remaining contention and find it to be without merit. Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.