■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered November 30, 1989, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred by admitting into evidence certain vials of cocaine and a photograph of the vials lying in the street where they were subsequently recovered. It is the defendant's position that since the vials were not recovered until approximately 10 minutes after his arrest when the police returned to the area, there was neither a connection to the defendant nor a foundation for their admission. It is well-settled that deficiencies in the chain of custody go to the weight of the evidence, not to its admissibility, provided that the two basic requirements of identity and unchanged condition are established (see, People v Julian, 41 NY2d 340, 343; People v Flores, 138 AD2d 512, 513; People v Piazza, 121 AD2d 573, 574; People v Jiminez, 100 AD2d 629). In the instant case, Detective Puma testified that he saw the defendant throw two plastic bags out of his car window while driving close behind the defendant and that he saw vials of cocaine all over the street as he passed the location, looking through his rear view mirror. Although Puma's partner, Detective Whiston, testified that he was busy with the police radio and did not see the defendant throw anything out of the window, he did in fact hear Puma exclaim that the defendant "just threw [the stuff] out of the window". Thus, there was sufficient evidence to connect the contraband to the defendant and an adequate foundation for its introduction into evidence.

The photograph in question depicted the area where the contraband was recovered and was evidence of what the police found when they arrived at the scene. Detective Puma's identification of the photograph as having been taken by him and as accurately representing the scene as he viewed it on the night in question was an adequate foundation for its admission (see, People v Byrnes, 33 NY2d 343, 347; People v Wilson, 168 AD2d 696, 698). Moreover, since the ultimate object of the authentication requirement is to insure the accuracy of the photograph sought to be admitted into evidence, any person having the requisite knowledge of the facts may provide verification (see, People v Byrnes, supra). At the trial, both Detective Whiston and Sergeant Gunther, who had observed the area where the vials were recovered on the night in question, identified the photograph as being a fair and accurate representation of what they had observed. Accordingly, the court did not err in admitting the photograph into evidence.

We further find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions

and find them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.