■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TOMAS, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 11, 1990, convicting defendant, after jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of imprisonment of 2½ to 7½ years, unanimously affirmed.

Trial testimony established that defendant pursued and shot at an acquaintance who died from a resulting bullet wound. The defense included justification based in part upon alleged threats made by the deceased to defendant's life over a period of approximately eight months. Defendant testified that he had purchased the two unlicensed handguns used herein approximately one month prior to the shooting and always carried them to protect himself.

Defendant failed to object to the jury's announced verdict and thus failed to preserve for appellate review as a matter of law his claim that the jury's acquittal of defendant on the submitted murder and manslaughter counts renders the evidence insufficient to support his conviction of criminal possession of a weapon in the second degree (CPL 470.05). In any event, defendant's guilt thereof was proved by overwhelming evidence (see, People v Bleakley, 69 NY2d 490). It is unnecessary for a reviewing court to attempt to divine the jury's collective mental process in reaching its verdict (People v Tucker, 55 NY2d 1, 4). Justification is not a defense to criminal possession of a weapon because "intent to use and use of force are not the same" (People v Pons, 68 NY2d 264, 267).

Although the trial court erroneously characterized the criminal possession of a weapon in the third degree count of the indictment as a lesser included offense of the criminal possession of a weapon in the second degree count, it appropriately exercised its discretion in foregoing submission of the lesser weapon count for the jury's consideration, with the People's consent, as authorized by CPL 300.40 (6). We have considered defendant's related claims and, in the circumstances, find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross and Kassal, JJ.