■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP PAGANO, Appellant. [599 NYS2d 854] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered July 13, 1990, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence adduced at trial was insufficient to prove that he intended to forcibly steal a livery cab and to establish his identity as the robber. Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant was guilty of robbery in the first degree (see, People v Moucha, 127 AD2d 703, 704), and that he was, in fact, the robber (see, People v Caballero, 177 AD2d 496; People v Rios, 180 AD2d 696, 697). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that the Supreme Court erred in declining to submit to the jury the lesser included offense of robbery in the third degree. We find that there was no reasonable view of the evidence which would support a finding that the defendant committed robbery in the third degree rather than robbery in the first degree, and therefore, the trial court's refusal to charge robbery in the third degree was not error (see, CPL 300.50 [1]; People v White, 121 AD2d 762, 763; People v Flood, 159 AD2d 217). Additionally, we find that the trial court did not improvidently exercise its discretion in refusing to charge the non-inclusory concurrent count of unauthorized use of a vehicle in the third degree (see, CPL 300.40 [3] [a]).

Insofar as the defendant complains of comments made by the prosecutor during summation, we find that they were fair response to defense counsel's summation (see, People v Colon, 122 AD2d 151), and any error was harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837).

The defendant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.