■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNDON ROACH, Appellant. [601 NYS2d 962] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered November 29, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled

substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The two police officers who observed the drug transaction in question identified the defendant in court as the seller, and the cocaine found in the buyer's possession was properly admitted into evidence *(see, People v Julian,* 41 NY2d 340; *People v Brown,* 182 AD2d 691, 692).

We find that the prosecution's summation did not deprive the defendant of a fair trial. The trial court sustained almost all of the defendant's objections, and no curative instructions were requested. Under the circumstances, the court properly concluded that a mistrial was an inappropriate remedy for any prejudice which may have occurred *(see, People v Roopchand,* 107 AD2d 35, 36, *affd* 65 NY2d 837).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.