■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VASQUEZ, Appellant. [617 NYS2d 299] —Judgment, Supreme Court, New York County (Alfred H. Kleiman, J.), rendered April 10, 1992, convicting defendant, after jury trial, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of 1 year, unanimously affirmed. The matter is remitted to the Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

The guilty verdict was neither based on legally insufficient

evidence nor was it against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). Even if it is assumed that the jury's acquittals of defendant on the manslaughter and other counts were based solely on the defense of justification, those acquittals would not undermine the weight or sufficiency of the evidence of unlawful intent required for conviction of criminal possession of a weapon in the fourth degree *(People v Tomas,* 186 AD2d 55, *lv denied* 81 NY2d 766; *see also, People v Rodriguez,* 179 AD2d 554).

The court's decision to replace a juror, over defense objection, was based on ample proof, including the juror's own admissions and self-contradictory statements, taken together with other evidence, showing that the juror had engaged in substantial misconduct (CPL 270.35) by attempting to discuss the credibility of a principal witness with a fellow juror during trial *(compare, People v Fox,* 172 AD2d 218, 219-220, *lv denied* 78 NY2d 966, *with People v Horney,* 112 AD2d 841, 842-843).

We perceive no abuse of sentencing discretion. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Williams, JJ.