■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERSON JAMES, Also Known as JAMES ANDERSON, Appellant. [622 NYS2d 95] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered January 8, 1992, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of 8⅓ to 25 years imprisonment and 5 to 15 years imprisonment, respectively.

Ordered that the judgment is affirmed.

The defendant, while awaiting arraignment on an unrelated menacing charge, was escorted to the precinct house and interrogated regarding the subject homicide. The defendant argues that this was a violation of his right to counsel.

However, even assuming, arguendo, that the defendant was actually represented by counsel on the unrelated menacing charge, his right to counsel was not violated because he knowingly and voluntarily waived his *Miranda* rights and the police questioned him solely as to the homicide *(see, People v Bing,* 76 NY2d 331).

Further, the People's late disclosure of certain interview notes containing statements allegedly made by a prosecution witness did not substantially prejudice the defendant. Thus, the trial court properly denied the defendant's motion for a mistrial, and reversal of his conviction is not warranted *(see, People v Ranghelle,* 69 NY2d 56, 63).

Finally, the defendant argues that because the two crimes for which he was convicted were part of one transaction and arose from a single act, the court erred in imposing consecutive rather than concurrent terms of imprisonment *(see,* Penal Law § 70.25 [2]). However, this contention is without merit.

According to the defendant's own statement to the police, prior to the shooting he and a friend had been in a restaurant near the scene arguing with a person named "Sylvester", with whom the defendant had quarreled in the past. Although the argument ended and the defendant and his friend left the restaurant, Sylvester and another man known as "True" followed the defendant and his friend outside and began shooting at them. The defendant and his friend then drew their weapons and returned fire. The defendant also heard several shots coming from a nearby apartment complex lobby and returned fire. The lobby into which the defendant fired was the lobby where the victim was found shot to death.

From these facts, the jury could have reasonably inferred that the defendant possessed the gun with the intent to use it unlawfully against another prior to and separate from the ultimate act which resulted in the homicide charge. Accordingly, imposition of consecutive terms of imprisonment was neither impermissible nor an improvident exercise of discretion *(see, People v Mabry,* 151 AD2d 507; *People v Robbins,* 118 AD2d 820). Ritter, J. P., Copertino, Joy and Hart, JJ., concur.