■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE OAKMAN, Appellant. [626 NYS2d 850] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered July 19, 1993, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the People failed to prove, pursuant to People v Ryan (82 NY2d 497), that he knew the weight of the drugs upon which his conviction for criminal possession of a controlled substance in the first degree is based (see, People v Gray, 86 NY2d 10; People v Hill, 85 NY2d 256; People v Bynum, 70 NY2d 858; People v Okehoffurum, 201 AD2d 508), and we decline to reach this issue in the exercise of our interest of justice jurisdiction.

The defendant also claims that the People failed to prove that he had possession of the drugs upon which his conviction for criminal possession of a controlled substance in the first degree is based, or that he had possession of the drug paraphernalia found with these drugs. However, viewing the evidence, including the defendant's statements to the police, in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove beyond a reasonable doubt that the defendant had "dominion and control" over these drugs and drug parapher-

nalia *(see, People v Bright,* 210 AD2d 244; *People v Diaz,* 112 AD2d 311).

There is no merit to the defendant's contention that his conviction for criminal possession of a weapon in the third degree must be reversed because the People failed to prove that the area in which he was found with a firearm in his possession was not his home or place of business *(see,* Penal Law § 265.02 [4]). The defendant was found in the basement stairwell of a building used for both residential and commercial purposes. He told the police that he resided in "apartment two", which was located on the second floor. On the second floor, there were two doors, one of which lead into apartment two. There was another floor of apartments above the second floor. Apartment two contained bedrooms, a bathroom, and a kitchen. Therefore, in no way can the basement stairwell be considered a part of the defendant's living quarters *(see, People v Powell,* 54 NY2d 524; *People v Maniscalco,* 198 AD2d 378; *People v Crutch,* 161 AD2d 401; *cf., People v Bargeman,* 92 Misc 2d 173).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or do not warrant reversal. Sullivan, J. P., O'Brien, Thompson and Hart, JJ., concur.