■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GARCIA, Appellant. [631 NYS2d 384] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered March 23, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the trial court erred in refusing his request to charge grand larceny in the fourth degree as a lesser-included offense of robbery in the first degree. To establish entitlement to a lesser-included offense charge, the defendant must show (1) that it is impossible to commit the greater offense without concomitantly committing, by the same conduct, the lesser offense *(see,* CPL 1.20 [37]; *People v Glover,* 57 NY2d 61, 63), and (2) that a reasonable view of the evidence would support a finding that the defendant committed the lesser offense, but not the greater *(People v Glover, supra,* at 63). Unlike grand larceny in the fourth degree, robbery in the first degree does not require that property stolen be "taken from the person of another" *(see,* Penal Law § 155.30 [5]; § 160.15). Since grand larceny in the fourth degree requires demonstration of an element not required by robbery in the first degree, it fails the impossibility test *(see,*

*People v Green,* 56 NY2d 427, 433; *People v Addison,* 73 AD2d 790, 791). Although there exists a reasonable view of the evidence which would warrant a finding that the defendant committed the lesser offense of grand larceny in the fourth degree but not the greater offense of robbery in the first degree *(see, People v Henderson,* 41 NY2d 233, 236), the trial court, when dealing with noninclusory concurrent counts, is not required to submit both counts to the jury *(see, People v Williams,* 47 AD2d 262, 265).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80, 84). Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.