■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FECUNDA, Appellant. [641 NYS2d 320] —Appeal by

the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered October 7, 1987, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error by submitting a verdict sheet to the jury which described elements of the crimes (see, CPL 310.10). However, the defendant consented to the submission of this expanded verdict sheet (see, People v McGuire, 205 AD2d 805). The defense counsel was aware from the start of the court's charge to the jury that a verdict sheet was going to be submitted, was aware of the contents of the verdict sheet, and had an opportunity to review the verdict sheet before the jury started its deliberations. When the court inquired whether either side had any exceptions to the charge or verdict sheet, the defense counsel was silent. When the court asked if there were any "requests", defense counsel indicated only that the verdict sheet should include language explaining the effect of intoxication as it related to the homicide charges, but otherwise did not object to the verdict sheet or make any further requests. Although a defendant's lack of objection to the submission of an annotated verdict sheet "cannot be transmuted into consent" (People v Damiano, 87 NY2d 477), where, as here, the defendant raises objection to the perceived deficiency of the verdict sheet, but voices no objection to the content of the verdict sheet, despite being given adequate opportunity to do so, the failure to specifically object constitutes implicit, if not explicit, consent to the submission of an annotated verdict sheet (see, People v Taylor, 76 NY2d 873; People v McGuire, supra).

Nor is there merit to the defendant's contention that the court erred in imposing consecutive sentences. According to the evidence the defendant possessed the weapon while he searched for a person whom he believed had abused his sister, but over an hour later the defendant shot and killed the victim, the brother of his initial target. From these facts, the jury could have reasonably inferred that the defendant possessed the gun with intent to use it unlawfully against another person prior to and separate from the ultimate act which resulted in the homicide charge, to wit, the shooting of the victim. Accordingly, the imposition of consecutive sentences was neither impermissible nor an improvident exercise of discretion (see, People v James, 211 AD2d 824; People v Marby, 151 AD2d 507, 508; People v Robbins, 118 AD2d 820).

The defendant failed to object to the prosecutor's peremptory challenge to a juror of Japanese descent. Therefore, the defendant's claim that the challenge was exercised in a discriminatory manner is not preserved for appellate review (*see, People v Holman,* 216 AD2d 488).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.