OPINION OF THE COURT
 

 Memorandum.
 

 The People’s appeal from the order of the Appellate Division, modifying the judgment of conviction by reversing the
 
 *874
 
 convictions on various counts of the indictment and affirming the remaining convictions, should be dismissed. On the defendant’s appeal, that order, which also affirmed Supreme Court’s denial of defendant’s motion under CPL 440.10 to set aside his said conviction, should be affirmed.
 

 As to the People’s appeal, the Appellate Division’s resolution of the issue of submission of the annotated verdict sheet to the jury was predicated upon its finding that defendant had not consented to that submission. While consent can be express or implied, we cannot conclude that the Appellate Division made a purely legal determination when it found, upon examining the record, that defendant had not consented to the trial court’s submission of the annotated verdict sheet to the jury, and rejected the People’s contention there that defendant impliedly consented to the submission of the verdict sheet
 
 (cf., People v Fecunda,
 
 226 AD2d 474,
 
 Iv denied
 
 88 NY2d 936). We have repeatedly held that the question of a defendant’s implied consensual relinquishment or waiver of important procedural rights is a "factual question” in which the findings of the lower court "must be upheld if there is any support in the record for that conclusion”
 
 (People v Ferguson,
 
 67 NY2d 383, 389 [defendant’s implied consent to a mistrial];
 
 see also, People v Connor,
 
 63 NY2d 11, 15 [defendant’s implied consent to be prosecuted by misdemeanor complaint rather than information];
 
 People v Epps,
 
 37 NY2d 343, 350,
 
 cert denied
 
 423 US 999 [defendant’s implied waiver of right to be present at trial]). That principle controls with respect to implied consent to the submission of an annotated verdict sheet.
 

 In our view, the Appellate Division’s finding of no consent could not have been and was not made as a matter of law, but instead clearly reflected its analysis of competing inferences presented by the record. Thus, the Appellate Division’s reversal and order of a new trial as to the convictions on those annotated counts of the verdict sheet, and those additional counts directly related thereto, was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to reversal” (CPL 450.90 [2] [a]) and thus, the People’s appeal must be dismissed.
 
 *
 

 The Appellate Division properly left intact the convictions on counts involving other crimes, in which the verdict sheet
 
 *875
 
 only included identifying factual annotations, such as dates and names of the victims.
 

 We also find no basis to disturb the Appellate Division’s affirmance of the denial of defendant’s application to vacate his conviction. There being evidentiary support in the record for the finding by the courts below that defendant waived his
 
 Rosario (People v Rosario,
 
 9 NY2d 286,
 
 rearg denied
 
 9 NY2d 908,
 
 cert denied
 
 368 US 866) request for the minutes of the prior testimony of a People’s witness, given before a Grand Jury hearing evidence against a person not on trial in the instant case, that finding is beyond our further review.
 

 We likewise agree with the Appellate Division’s rejection, as meritless, of defendant’s claims in his CPL 440.10 motion that his conviction should be vacated because the prosecution did not disclose the possible falsity of certain testimony of a People’s witness, only discovered when that witness testified at a trial subsequent to that at bar.
 

 Chief Judge Kaye and Judges Titone, Beliacosa, Smith, Levine, Ciparick and Wesley concur.
 

 People’s appeal dismissed and order, insofar as appealed from by defendant, affirmed in a memorandum.
 

 *
 

 We note also that in this case the Appellate Division refrained from exercising its discretion to withhold decision and remit to the trial court for a hearing on whether an unrecorded approval of the verdict sheet was given by the defense, as that Court ordered in
 
 People v Ross
 
 (230 AD2d 924), decided the same day
 
 (see also, People v Albert,
 
 225 AD2d 1097,
 
 Iv denied
 
 88 NY2d
 
 *875
 
 844). While such a remittal might be an option in an appropriate case, the People here have not claimed any error by the Court below in that regard, nor did they suggest such a disposition before that Court, or this Court.