■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON POZO, Appellant. [692 NYS2d 3] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered April 10, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Since defendant's request that the court submit to the jury the count of the indictment charging criminal possession of stolen property in the fifth degree was based solely on the theory that such crime was a lesser included offense of robbery, his present claim that the court should have submitted this non-inclusory concurrent count as a matter of discretion pursuant to CPL 300.40 (3) (a) is not preserved for appellate review (*see, People v Borrello*, 52 NY2d 952), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in declining to submit this count, particularly after the People agreed to withdraw the count (*see,* CPL 300.40 [6] [a]; *see also,* CPL 300.40 [6] [b]). Unlike the situation with respect to lesser included offenses, the submission of non-inclusory concurrent counts is discretionary, even if there exists a reasonable view of the evidence to support such submission (*see, People v Garcia*, 219 AD2d 669, *lv denied* 87 NY2d 901). In any event, we conclude that there was no such reasonable view of the evidence. We have considered and rejected defendant's other arguments. Concur—Sullivan, J. P., Rosenberger, Tom and Wallach, JJ.