OPINION OF THE COURT
Ira R. Globerman, J.
In this novel prosecution, the People seek to try the defendant on a charge of depraved indifference murder in the second degree after he was acquitted of intentional murder in the second degree and manslaughter in the first degree by a jury which heard virtually the same evidence upon which the instant indictment is predicated. In his motion to inspect the Grand Jury minutes of this re-presentation, the defendant seeks dismissal of the depraved indifference murder in the second degree charge on the grounds that it violates his New York State and United States constitutional rights not to be placed in double jeopardy for the same crime and his rights under CPL 40.20 and 40.40.
The defendant was charged in indictment No. 4448/97 with the crimes of murder in the second degree, manslaughter in the first degree, reckless endangerment in the first degree and *616 related charges. Trial on this indictment began on January 11, 1999 and the jury was charged on January 28, 1999. At the end of the case, the People moved to dismiss the charges of reckless endangerment in the first degree, endangering the welfare of a child, criminal use of a firearm in the first degree and criminal possession of a weapon in the second and third degrees. The charges of murder in the second degree and manslaughter in the first degree, along with the lesser included offense of manslaughter in the second degree, were submitted to the jury. On January 31, 1999, a partial verdict was rendered, acquitting the defendant of murder in the second degree and manslaughter in the first degree. The jury was deadlocked on the charge of manslaughter in the second degree. Indictment No. 4448/97 was dismissed by the court and the People were granted leave to re-present.
The People re-presented the matter to a Grand Jury and the instant indictment was returned. In the original indictment the defendant was charged with intentional murder. (Penal Law § 125.25 [1].) In this indictment the defendant is charged with murder in the second degree under a different subdivision, i:e., that he acted with depraved indifference (Penal Law § 125.25 [2]), and manslaughter in the second degree, the charge the trial jury considered as a lesser included offense but upon which it could not reach a verdict.
Double Jeopardy
It is a fundamental principle of our constitutional system that a defendant may not be placed twice in jeopardy for the same crime. (US Const 5th Amend; NY Const, art I, § 6.) Specifically, the Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. (United States v Halper, 490 US 435; North Carolina v Pearce, 395 US 711, 717; People v Vasquez, 89 NY2d 521 [1997]; People v Prescott, 66 NY2d 216 [1985].) It is the first protection that is at issue here.
Two offenses are not the same for double jeopardy purposes where each offense “requires proof of an additional fact which the other does not.” (Blockburger v United States, 284 US 299, 304 [1932].) In other words, “[i]n essence, to be the ‘same offense’ within the meaning of the Federal Double Jeopardy Clause the crimes must have essentially the same statutory elements or one must be a lesser included offense of the other.” *617 (Matter of Corbin v Hillery, 74 NY2d 279, 289 [1989]; see also, People v Bokun, 145 Misc 2d 860 [Sup Ct, NY County 1989].) If each offense requires proof of a fact which the other does not, then the two are not the same for constitutional purposes.
A recent Second Circuit court decision addressing essentially the same question that is at issue here arrived at the conclusion that the offenses of intentional and reckless murder did not constitute the same offense. (Knapp v Leonardo, 46 F3d 170 [1995], cert denied 515 US 1136 [1995]; but see, Ervin v State, 91 SW2d 804 [Tex 1999].) In Knapp v Leonardo, the defendant was acquitted of intentional murder at the first trial and convicted of depraved indifference murder. On appeal, the matter was reversed. The defendant was charged at a second trial with depraved indifference murder and was convicted of the lesser included offense of second degree manslaughter. The defendant argued that since the same “conduct” was involved in both the intentional murder charge of which he was acquitted at the first trial, and the reckless murder charge on which he was tried at the second trial, the subsequent prosecution was barred by the Double Jeopardy Clause. The Second Circuit disagreed finding that, “[b]ecause the mental states of these crimes differ, no double jeopardy violation resulted from [the defendant’s] retrial * * * even though there was ‘an overlap of proof between the first trial and the retrial.” (Knapp v Leonardo, 46 F3d, at 178.[1]
Of course, this court is bound only by the United States Supreme Court’s interpretations of the Federal Constitution, and not by any interpretations proffered by lower Federal courts. (People v Kin Kan, 78 NY2d 54.) However, the Second Circuit’s analysis of the issue serves as useful and persuasive *618 authority. (People v Kin Kan, supra.) Accordingly, based on that analysis, I find that the reprosecution of the defendant is not barred by the Double Jeopardy Clause of the United States Constitution or by our State’s Constitution. This, however, does not end the inquiry.
CPL 40.20
The defendant also moves for dismissal of the indictment pursuant to CPL 40.20, which provides that a person may not be separately prosecuted for two offenses based upon the same act or criminal transaction unless the offense falls within one of eight enumerated exceptions. By enacting this law, the Legislature, dissatisfied with the limited protection of the constitutional double jeopardy provisions, provided a far more comprehensive protection against separate prosecutions for “two offenses based upon the same act or criminal transaction” (CPL 40.20 [2]; People v Latham, 83 NY2d 233 [1994]; see also, People v Rivera, 60 NY2d 110 [1983]; Matter of Abraham v Justices of N. Y. Sup. Ct., 37 NY2d 560 [1975]; People v Abbamonte, 43 NY2d 74 [1977]). Thus, as the Court of Appeals has stated, “absent the statutory exceptions, no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct”. (People v Abbamonte, supra, at 81-82.)
The initial inquiry, then, is whether successive prosecutions of a defendant are based upon “the same act or criminal transaction.” CPL 40.10 (2) defines “criminal transaction” as “conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
While it is beyond dispute that the offenses involved here are based upon the same act or criminal transaction, this does not automatically bar a second prosecution. The statute contains eight exceptions — eight types of successive prosecutions that are not prohibited. It must therefore be determined if any of the enumerated exceptions of CPL 40.20 apply.
It is the People’s position that reprosecution is not barred because the two murder charges fall within the exception in CPL 40.20 (2) (a) which permits separate prosecutions for “offenses [which] as defined have substantially different elements *619 and the acts establishing one offense are in the main clearly distinguishable from those establishing the other”. Specifically, the People contend that the crimes of intentional murder and depraved indifference murder contain different elements and that the acts required to establish the crime of intentional murder are distinguishable from the acts required to establish the crime of depraved indifference murder. Intentional murder, the People assert, requires a specific act which overtly demonstrates an individual’s “intent to kill.” Depraved indifference murder does not require such a purposeful or overt act. The People further argue that until the defendant testified at trial there was no evidence to support a charge of depraved indifference murder. In other words, it is the People’s position that it is the defendant’s testimony at the first trial which gives rise to the instant indictment charging the defendant with depraved indifference murder. This argument has no basis in fact.
While it is true that the offenses do possess different elements, the exception set forth in CPL 40.20 (2) (a) requires also that the acts that establish each of the offenses be distinguishable. (See, e.g., Matter of Green v County Ct., 61 AD2d 1098, 1100 [3d Dept 1978] [Kane, J., concurring].) Here they are not. Indeed, it is the very same acts which establish both the intentional murder charge and the depraved indifference murder charge. Curiously, although the People contend that the defendant’s own testimony forms the basis of the depraved indifference count, a review of both sets of Grand Jury minutes reveals that essentially the same evidence was presented to the second Grand Jury as was presented to the first. In both presentations the eyewitness testified that he saw the defendant reach into a bag and pull out a .380 caliber gun, aim, and then shoot the victim in the head. Thus, the People’s claim that it was the defendant’s testimony at trial that permits this reprosecution is insupportable. I find, therefore, that none of the enumerated exceptions set forth in CPL 40.20 apply here and, accordingly, the count charging the defendant with depraved indifference murder must be dismissed.[2]
*620 CPL 40.40
Even if there were some basis to conclude that the People were not barred by CPL 40.20 from charging the defendant with depraved indifference murder in this indictment, there is still the compulsory joinder provisions of CPL 40.40 to consider. CPL 40.40 (2) provides: “When (a) one of two or more joinable offenses of the kind specified in subdivision one is charged in an accusatory instrument, and (b) another is not charged therein, or in any other accusatory instrument filed in the same court, despite possession by the people of evidence legally sufficient to support a conviction of the defendant for such uncharged offense, and (c) either a trial of the existing accusatory instrument is commenced or the action thereon is disposed of by a plea of guilty, any subsequent prosecution for the uncharged offense is thereby barred.”
Thus, separate and subsequent prosecutions of joinable offenses[3] that arise out of the same transaction and which involve different and distinct elements are barred “ ‘under circumstances wherein no violation of the double jeopardy principle can validly be maintained but the equities nevertheless seem to preclude separate prosecutions’ ” (People v Lindsly, 99 AD2d 99, 101-102 [2d Dept 1984], quoting People v Dean, 56 AD2d 242, 246). Where a prosecutor has evidence of multiple joinable offenses arising out of the same criminal transaction, “he may not — as a player in a game of chance — deal out indictments one at a time.” (Matter of Auer v Smith, 77 AD2d 172, 189.)
Since, as discussed, the crime of intentional murder charged in the first indictment and the crime of depraved indifference murder charged in the second indictment unquestionably arise out of the same criminal transaction, and this court had subject matter and geographical jurisdiction over both, separate prosecutions are prohibited. (CPL 40.40.) Again, the People’s contention that the evidence necessary to support the depraved indifference murder count was supplied by the defendant at trial and, thus, he could not have been charged with this crime in the first indictment is wholly meritless. The defendant’s version of what took place on the day that the victim was killed was not presented to the second Grand Jury. *621 Indeed, the evidence presented to the second Grand Jury was, in sum and substance, the same evidence as was presented to the first.
Accordingly, defendant’s motion to dismiss the count charging him with depraved indifference murder is granted. Defendant’s motion to dismiss the remaining count in the indictment is denied. Upon review of the Grand Jury minutes for this presentation, I find that the evidence adduced before the Grand Jury was legally sufficient to support the remaining charge of manslaughter in the second degree. The defendant’s argument that retrial of this count is prohibited by CPL 310.70 is unpersuasive. A reading of this section and of the cases decided thereunder compels the conclusion that it prohibits retrial only of indicted counts which were not submitted to the jury in the previous trial.
Defendant’s motion for a Sandoval and/or Ventimiglia hearing is granted.

. People v Gallagher (69 NY2d 525 [1987]) cited by the defense in support of their position that intentional and depraved indifference murder are a single offense for purposes of double jeopardy does not stand for that proposition. Rather, Gallagher appears to be consistent with Knapp v Leonardo (supra). In Gallagher, the Judge submitted to the jury both a count of intentional murder and depraved indifference murder, but failed to charge the two counts in the alternative. In essence, the Court of Appeals held that the mental states required respectively for intentional and depraved indifference murder are entirely different and inconsistent with each other. The Court found that the submission of the counts in a fashion that allowed for guilty verdicts on both, “permitted the jury to sidestep its responsibility of deciding which (if either) mental state defendant possessed at the time of the shooting. Because the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant’s mental state at the time of the offense.” (People v Gallagher, supra, at 530.)

. The People’s reliance on People v Oglesby (174 AD2d 761 [2d Dept 1991]) and People v Robinson (34 AD2d 652 [2d Dept 1970]) is misplaced to the extent that the People contend that these cases stand for the proposition that the count of depraved indifference murder in the second degree is not barred by State statute. These cases address only Federal constitutional double jeopardy issues.

. CPL 200.20 (2) (a) provides:
“Two offenses are ‘joinable’ when:
“(a) They are based upon the same act or upon the same criminal transaction, as that term is defined in subdivision two of section 40.10”.