■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL DENNIS, Also Known as JAMES TAYLOR, Appellant. [693 NYS2d 299] —Mercure, J. P. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered June 14, 1996, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant and Malcolm Baptiste were indicted for various counts of murder in the second degree, conspiracy in the second degree, criminal possession of a weapon in the second degree and other charges in connection with the August 12, 1995 shooting death of Jeanette Cortijo and Chakima Dickerson. At the conclusion of a joint trial, the jury acquitted defendant of all charges except for criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), as a lesser included offense of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) charged in the sixth count of the indictment. On appeal, defendant contends that County Court erred in charging criminal possession of a weapon in the third degree as a lesser included offense of criminal possession of a weapon in the second degree and that, in any event, the trial evidence was not legally sufficient to support the verdict convicting defendant of that charge.

Initially, we conclude that by failing to object to County Court's submission of the charge of criminal possession of a weapon in the third degree as a lesser included offense, defendant waived any claim of error arising therefrom. Fundamentally, the failure to object to any error regarding the submission of a lesser included offense before the jury retires to deliberate results in a waiver by the defendant of the right to challenge such error (see, CPL 300.50 [1]; see also, People v Ford, 62 NY2d 275, 283). When Baptiste's counsel requested that criminal possession of a weapon in the third degree be submitted as a lesser included offense, the People offered the opinion that, because intent is an element of the greater but not the lesser offense, criminal possession of a weapon in the third degree is not a lesser included offense of criminal possession of a weapon in the second degree. Defendant's counsel concurred with the People's observation,* but voiced no objection to the submission of the charge. Rather, defendant's counsel stated "I'm not so interested in that one as I am, Your Honor, that * * * justification will not be charged [as against defendant]" and then proceeded to voice specific objections to

---

* Specifically, defendant's counsel stated: "Well, Your Honor, I don't believe it's a lesser included, either. The elements aren't the same * * * I don't believe that it's a charge that can be charged down."

the submission of manslaughter in the first and second degrees as lesser included offenses of the second degree murder counts. We also note that no party raised the objection now advanced, i.e., that the "home or place of business" exception of Penal Law § 265.02 (4) is an element of criminal possession of a weapon in the third degree, which is not present in criminal possession of a weapon in the second degree, thereby making it possible to be convicted of the greater but not the lesser (*see, People v Totten*, 161 AD2d 678; *People v McGriff*, 123 AD2d 646, *lv denied* 69 NY2d 714; *People v Weithers*, 123 AD2d 456, 457).

Next, based upon trial evidence that defendant possessed a loaded pistol while he was descending a common stairway in his apartment building, County Court was entitled to conclude that the possession did not occur in defendant's home or place of business (*see, People v Walker*, 207 AD2d 811, 812, *lv denied* 84 NY2d 911). Notably, the stairway appears to have been used solely as a passage for ingress and egress by tenants and visitors to the four apartments in the building. As such, it contained none of the facilities that are commonly found in a home and did not offer the expectation of privacy normally associated with a dwelling (*see, People v Powell*, 54 NY2d 524, 530-531; *People v Oakman*, 215 AD2d 596, 597, *lv denied* 86 NY2d 799; *cf., People v Garriga*, 189 AD2d 236, 241, *lv denied* 82 NY2d 718). We therefore conclude that a reasonable view of the evidence supports the finding that defendant committed the crime of criminal possession of a weapon in the third degree.

Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.