■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT McGILL, Appellant. [707 NYS2d 368] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 1, 1998, convicting him of manslaughter in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress identification testimony and statements he made to law enforcement officials. The defendant failed to establish that he had a reasonable expectation of privacy in the apartment where he was arrested and therefore lacked standing to challenge the warrantless entry into the premises (*see, People v Wesley,* 73 NY2d 351; *People v Gill,* 239 AD2d 519, 520; *People v Perez,* 185 AD2d 330). Moreover, even if the defendant had standing to challenge the police entry into the apartment, the arrest was valid under the exigent circumstances exception (*see, People v Burr,* 70 NY2d 354, *cert denied* 485 US 989; *People v Conforti,* 263 AD2d 513).

The Supreme Court providently exercised its discretion in imposing consecutive sentences. Based upon the evidence presented at trial, the jury could have reasonably inferred that the defendant possessed a gun with intent to use it unlawfully against another prior to and separate from the act which resulted in the conviction of manslaughter in the second degree (*see, People v Fecunda,* 226 AD2d 474; *People v James,* 221 AD2d 658; *People v James,* 211 AD2d 824; *People v Mabry,* 151 AD2d 507).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.