■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO CARRANZA, Appellant. [760 NYS2d 667] —Appeal by

the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered November 9, 2001, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review. Although he moved to dismiss the indictment at the conclusion of the People's case, the defendant failed to make any specific arguments in support of that motion, and merely moved to dismiss "on the grounds the People have failed to establish a prima facie case in their direct case." Where, as here, the defendant makes only a general motion to dismiss, the specific grounds for reversal argued on appeal are unpreserved (*see People v Santos,* 86 NY2d 869 [1995]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant also contends that four photographs of the victim and eight photographs of the crime scene were improperly admitted at trial because the photographs were inflammatory and lacked a proper foundation. We disagree. To lay a proper foundation for the crime scene photographs, the People properly established that the photographs fairly and accurately represented the scene through a witness who viewed both the scene and the photographs (*see People v Brown,* 182 AD2d 691 [1992]; *People v Byrnes,* 33 NY2d 343 [1974]). Detective Hasbrouck, the officer who took the photographs, was asked whether the photographs accurately showed the way the areas looked when the photographs were taken and he answered that they did. Further, the photographs tended " 'to prove or disprove a disputed or material issue' " and were not admitted solely " 'to arouse the emotions of the jury and to prejudice the defendant' " (*People v Wood,* 79 NY2d 958, 960 [1992], quoting *People v Pobliner,* 32 NY2d 356, 370 [1973]). The photographs disproved the defendant's justification claim and corroborated the eyewitnesses' testimony that the defendant was not attacked.

The "initial aggressor" charge was proper. Such an instruc-

tion is warranted where, as here, there is sufficient evidence in the record to support it (*see People v Padgett,* 60 NY2d 142 [1983]; *People v Thomas,* 213 AD2d 728 [1995]). The entire defense rested on the defendant's testimony that he was attacked first. Thus, the court acted properly in giving the "initial aggressor" jury charge.

The defendant was not denied the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708 [1998]).

The defendant's remaining contentions are without merit. Feuerstein, J.P., Friedmann, Luciano and Townes, JJ., concur.