■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO LEON, Appellant. [797 NYS2d 525]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 24, 2003, convicting him of criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of a weapon in the second degree because the prosecution failed to

establish that he possessed the weapon with the intent to use it unlawfully is unpreserved for appellate review since he made only a general motion to dismiss and did not raise the specific grounds that he now raises (*see* CPL 470.05 [2]; *People v Santos*, 86 NY2d 869 [1995]; *People v Bynum*, 70 NY2d 858 [1987]; *People v Carranza*, 306 AD2d 351 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There was ample evidence warranting the conclusion that the defendant had the requisite intent when he confronted the victim outside of his apartment building armed with a loaded firearm, notwithstanding that the jury found that the defendant was justified in the actual shooting of the weapon (*see People v Pons*, 68 NY2d 264 [1986]; *People v Steward*, 213 AD2d 570 [1995]; *People v Bumbury*, 194 AD2d 735 [1993]; *People v Gillespie*, 168 AD2d 567 [1990]; *People v Carrion*, 136 AD2d 649 [1988]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The trial court providently exercised its discretion in declining to submit the noninclusory concurrent count of criminal possession of a weapon in the third degree (*see* CPL 300.40 [3] [a]; [4]; *People v Totten*, 161 AD2d 678 [1990]; *People v Weithers*, 123 AD2d 456 [1986]), particularly after the prosecution consented that it not be submitted (*see* CPL 300.40 [6] [a]; *People v Pozo*, 261 AD2d 144 [1999]; *People v Smith*, 260 AD2d 253 [1999]; *People v Pagano*, 195 AD2d 487 [1993]; *People v Tomas*, 186 AD2d 55 [1992]).

The defendant's contention that the sentencing court improperly based his sentence on crimes of which he was acquitted or not charged is unpreserved for appellate review (*see People v Harrison*, 82 NY2d 693 [1993]; *People v Matthews*, 1 AD3d 530 [2003]). In any event, it is without merit. The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Florio, J.P., S. Miller, Luciano and Mastro, JJ., concur.