■ The People of the State of New York, Respondent, v Steven Olds, Appellant. [806 NYS2d 687]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Rosengarten, J.), rendered December 3, 2002, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Sentences imposed on convictions of two or more offenses may not run consecutively where a single act constitutes two offenses, or where a single act constitutes one of the offenses and a material element of the other (*see* Penal Law § 70.25 [2]; *People v Ramirez*, 89 NY2d 444, 451 [1996]). Contrary to the defendant's contentions, although the offenses in question occurred within one extended transaction (*see People v Salcedo*, 92 NY2d 1019, 1020 [1998]), the jury could have reasonably inferred that the defendant possessed the gun in question with the intent to use it unlawfully against another prior to and separate from the ultimate act which resulted in the reckless endangerment charge (*see People v McGill*, 272 AD2d 414, 415 [2000]; *People v Woodruff*, 237 AD2d 548 [1997]; *People v James*, 211 AD2d 824 [1995]; *see also People v Samwell*, 287 AD2d 663, 664 [2001]).

The sentencing proceeding was not "so permeated with improper considerations and prejudicial references as to deprive the defendant of due process of law" (*People v Bejarano*, 287 AD2d 727, 727-728 [2001]; *cf. People v Villanueva*, 144 AD2d 285 [1988]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.