THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUSHAWN A. WILLIAMS, Appellant. [910 NYS2d 396]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered July 15, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that County Court erred in refusing to suppress his statement to the police as the fruit of an illegal arrest on the ground that he was arrested in his "residence" without a warrant. It is undisputed that defendant was arrested in the registration area of a drug rehabilitation facility and that he had with him his possessions that he had removed from his last known address. Although the registration area was not subject to unlimited public access (see generally People v Powell, 54 NY2d 524, 530 [1981]), we conclude that defendant was not "entitled to 'privacy, as one would have in his [or her] home,' " in that area (id.). The registration area was used by many people multiple times per day (see People v Hernandez, 98 NY2d 175, 183 [2002]; People v Dennis, 263 AD2d 618 [1999], lv denied 94 NY2d 822 [1999]), and it was not residential in nature (see Powell, 54 NY2d at 531; cf. People v Garriga, 189 AD2d 236, 239 [1993], lv denied 82 NY2d 718 [1993]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.