# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 22  SSM 27
The People &c.,
          Respondent,
     v.
Zhakariyya Muhammad,
          Appellant.

Submitted by Mark Zeno, for appellant.
Submitted by John T. Hughes, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

"[T]he question of a defendant's implied consensual relinquishment or waiver of important procedural rights is a factual question in which the findings of the lower court

- 1 -

must be upheld if there is any support in the record for that conclusion" (People v Brown, 90 NY2d 872, 874 [1997] [internal quotation marks omitted]).  Here, the record supports the Appellate Division's finding that defense counsel impliedly consented to the submission of written copies of the court's entire final instructions to the jury.  Defense counsel not only failed to object when the copies were distributed or while the judge was delivering the instructions, which discussed the written copies, but also verbally confirmed to the court, outside the hearing of the jury, that he had no exception to the final jury instructions, which provided that the jurors may take their written copies with them to deliberate.

We reject defendant's contentions that the trial court abused its discretion by denying his motion for a mistrial, coerced the verdict, or otherwise improperly responded to the jury's final note.  Under the circumstances of this case, where the jury requested additional time to deliberate because it had reached a "critical juncture" in its deliberations, the trial court's granting of the request constituted a meaningful response.

Defendant's remaining contention is not preserved.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided January 9, 2020