■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MARTINO, and PETER MUSTAFA, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Westchester County (Martin, J.), rendered

March 14, 1984, and March 21, 1984, respectively, convicting defendant Martino of criminal possession of a weapon in the third degree and convicting defendant Mustafa of assault in the third degree, upon jury verdicts, and imposing sentences.

Judgments affirmed. Matters remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Defendants' convictions were based upon their involvement in an incident in a barroom. There was testimony that defendant Martino hit the complainant and another over the head with a bottle, and that he was holding a bottle when the complainant left the bar. This testimony supports the jury's finding that he possessed the bottle with the intent to use it unlawfully against another (Penal Law § 265.02 [1]; § 265.01 [2]).

Martino's contemporaneous acquittal of attempted assault in the second degree does not require a finding that his conviction of criminal possession of a weapon in the third degree was repugnant. The court charged the jury that in order to find Martino guilty of attempted assault in the second degree it must find that Martino had the intent to cause physical injury. In order to convict him of criminal possession of a weapon in the third degree, however, the jury was only required to find that Martino had the intent to use the bottle unlawfully against another. A verdict of guilty on the latter charge is not necessarily negated by a failure to find that Martino had the requisite intent to be convicted of attempted assault in the second degree. Consequently, the verdicts are not repugnant (*People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039; *see, People v Alfaro,* 108 AD2d 517).

The evidence also supports the jury's finding that defendant Mustafa was guilty of assault in the third degree. There was evidence that Mustafa punched the complainant in the left eye as the complainant turned to Martino in order to respond to a statement which Martino had made to him. There was no evidence that the complainant had in any way threatened either defendant prior to Mustafa punching him.

Defendants' remaining contentions have been considered and have been found to be without merit. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.