■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinick, J.), rendered February 29, 1984, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought to suppress a statement made to law enforcement officials.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK TAYLOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Spodek, J.), rendered June 2, 1982, convicting him of criminal possession of a weapon in the second degree and criminal facilitation in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was accused of various crimes as the result of his alleged participation in the shooting death of Keith Thomas on August 23, 1980. On the evening in question, the defendant and his codefendant Paul Clark became involved in an altercation with the victim and his cousin, Albert McLaurin. During the course of this argument Clark said to the defendant, "Pass me the piece" or "Pass me the pistol", whereupon the defendant gave Clark the handgun with which

Clark shot and killed Thomas, and attempted to shoot McLaurin.

At the conclusion of their joint trial, the defendant was convicted of criminal possession of a weapon in the second degree, and two counts of criminal facilitation in the fourth degree, but was acquitted of two counts of murder in the second degree, attempted murder in the second degree and criminal facilitation in the second degree. His codefendant was convicted of all charges upon which he was tried, including the murder counts.

The defendant contends that by acquitting him of the murder and attempted murder charges, the jury found that he had not had an intent to kill, injure or rob the deceased, and that therefore, there was insufficient evidence to support his conviction of criminal possession of a weapon in the second degree, which requires proof of "intent to use the [weapon] unlawfully against another" (Penal Law § 265.03). We disagree.

The evidence adduced at trial established that the defendant handed a gun to his codefendant during the argument with two other youths, and that the codefendant thereafter shot and killed one of the youths. Viewing this evidence in the light most favorable to the People, as we must (see, e.g., People v Contes, 60 NY2d 620, 621), we find that it was sufficient to support the jury's finding that the defendant was guilty of criminal possession of a weapon in the second degree beyond a reasonable doubt. Intent is merely one element of the crime, and it was not necessary for the jury to find that the defendant possessed the requisite intent for murder or attempted murder before it could convict him of criminal possession of a weapon in the second degree (see, e.g., People v Evans, 106 AD2d 527, 532). The question of whether the defendant intended to use the gun unlawfully against another was for the jury to determine, and the statutory presumption permitted the jury to infer such intent (see, e.g., People v Evans, supra; Penal Law § 265.15 [4]). Further, the jury could properly have inferred the requisite intent from the circumstances surrounding the shooting (see, People v Bracey, 41 NY2d 296, 301-302). This court should not engage in speculation with regard to the deliberative process of the jury (see, People v Tucker, 55 NY2d 1, 7), particularly where the evidence clearly supports its verdict, as here.

We have considered the defendant's other contentions and find them to be either unpreserved or without merit. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.