(March 17, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARRY HARRIS, Respondent.—Order, Supreme Court, Bronx County (Ivan Warner, J.), entered December 13, 1985, which granted the defendant's motion to set aside the jury's verdict of guilty of criminal possession of a weapon in the second degree on the basis of its purported repugnancy to the defendant's acquittal of the charge of assault in the second degree, unanimously reversed, on the law, the guilty verdict is reinstated, the defendant is ordered to surrender, and the matter is remanded for sentencing.

On June 23, 1985, Daniel Doctor was shot in the arm with a small caliber pistol. Two witnesses testified that defendant was seen in possession of the pistol, and that he shot the victim. A third witness heard defendant state to several friends who were being detained for questioning: "If they find out that I did it, I'm going up * * * Just say I didn't do it." Another witness, an emergency room nurse at the hospital, testified that the victim told him he had been shot by someone other than the defendant.

The jury rendered a verdict of guilty of criminal possession of a weapon in the second degree, but acquitted defendant of criminal assault in the second degree. After the jury was discharged, defendant moved to set aside the verdict pursuant to CPL 330.30 (1). That section permits a trial court to set aside or modify a verdict on any ground which would require reversal or modification as a matter of law by an appellate court. However, a claim that a verdict is repugnant must be made before the jury is discharged, in order to permit the court to resubmit the matter to the jury to obtain a consistent verdict. Since the claim of repugnancy was made in this case after the jury was discharged, that issue was not preserved for appellate review as a matter of law, and accordingly the court was without power to set the guilty verdict aside on that ground. (People v Alfaro, 66 NY2d 985; People v Barry, 100 AD2d 803.)

We add that even if the issue had been properly preserved, we would reinstate the guilty verdict of criminal possession of a weapon in the second degree inasmuch as we find the verdict on the two charges not repugnant. Looking to the record only to review the jury charge to determine the necessary elements of the particular crimes submitted (People v Tucker, 55 NY2d 1, 7), we observe that in order to convict defendant of criminal possession of a weapon in the second

degree the jury was instructed that it only had to find that the defendant possessed a loaded firearm with intent to use it unlawfully against another.

The elements of assault in the second degree were described as follows: "One, there must be an intent on the part of the defendant to cause physical injury to Daniel Doctor. Two, the defendant, in fact, caused such injury to Daniel Doctor. Three, such injury was caused by means of a deadly weapon." Clearly, the jury could have concluded that defendant possessed the weapon with intent to use it unlawfully against another, yet the jury might not have been sufficiently convinced that defendant did the actual shooting, or it might have entertained doubts as to whether defendant fired the gun accidentally, or with intent only to frighten Mr. Doctor.

Accordingly, the jury's verdict on the weapon possession and assault counts was not repugnant. *(People v Glass,* 55 NY2d 834; *People v Martino,* 112 AD2d 1049; *People v Campbell,* 86 AD2d 403.)* The verdict is reinstated, defendant is ordered to surrender, and the matter is remanded for sentencing. Concur —Murphy, P. J., Sandler, Asch, Milonas and Rosenberger, JJ.