■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN CARRION, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered December 17, 1986, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The conviction stems from an incident which took place on May 31, 1984. The defendant stabbed and later shot Michael Quick, killing him. At trial the defendant was acquitted of murder in the second degree and manslaughter in the first degree based on the defense of justification. He was convicted of criminal possession of a weapon in the second degree. He now charges error in that the People did not prove intent to use a loaded firearm unlawfully against another.

The victim, early in the evening, threatened the defendant and a companion at the Albany housing project in Brooklyn. The defendant, who testified on his own behalf, said he knew something was going on and attempted to leave. The victim pulled a gun on the defendant and waived it in his face. The defendant, using a small knife, slashed the victim in the thigh. The victim dropped the gun. The defendant picked it up. Then the defendant's companion warned him that the victim had another gun. The defendant saw it and ran away. An hour later, still carrying the first gun, the defendant returned to the area to resume his original errand. The victim reappeared, threatened the defendant, and shot at him. The defendant returned the fire and killed him. The defendant testified that he kept the gun because he was afraid of the victim, a known robber and a member of a named gang.

The charge of criminal possession of a weapon in the second degree is based upon the defendant's *possession* of the loaded firearm, and not its lawful *use* in self-defense *(see, People v Almodovar,* 62 NY2d 126, 130).

Under Penal Law § 265.15 (4), where a possessor is not licensed to carry the firearm in question, possession of a loaded firearm is presumptive evidence of possessing the weapon with intent to use it unlawfully against another. This statutory presumption allowed the jury to infer such intent *(see, People v Evans,* 106 AD2d 527). The defendant's contention that he was afraid of the victim does not excuse its unlawful possession. A defendant "may not avoid the criminal charge by claiming that he possessed the weapon for his protection" *(People v Almodovar, supra,* at 130).

Furthermore, as the Court of Appeals held in *People v Pons* (68 NY2d 264, 267-268): "[I]t does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting".

There is no basis to disturb the jury's finding that the defendant intended to use the weapon unlawfully against another *(see,* CPL 470.15 [5]). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.