THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WOOTEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered January 26, 1988, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's conviction of criminal possession of a weapon in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention that there was not legally sufficient evidence to establish his intent to use a loaded firearm unlawfully against another, we note that under Penal Law § 265.15 (4), where a possessor is not licensed to carry the firearm in question, possession of a loaded firearm is presumptive evidence of possessing the weapon with intent to use it unlawfully against another. This statutory presumption allowed the jury to infer such intent (see, People v Carrion, 136 AD2d 649, lv denied 71 NY2d 967; People v Evans, 106 AD2d 527).

Further, while the defendant claimed that he shot the victim in self-defense and was acquitted of the murder and manslaughter charges, the charge of criminal possession of a weapon in the second degree is based upon the defendant's possession of the loaded firearm, not its lawful use in self-defense, and "it does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting" (People v Pons, 68 NY2d 264, 267-268; People v Carrion, supra).

We further find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is unpreserved for our review. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.