■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered June 23, 1987, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The proof at trial established that on the afternoon of February 16, 1986, the defendant and his friend, Sonny Rodriguez, sat in the defendant's basement apartment at 78 Norwood Avenue in Brooklyn and planned to rob Miguel Rubio, the defendant's landlord, in order to obtain money to buy drugs. The defendant lured Rubio, who was in the process of collecting rent from his tenants, down to the basement apartment, where the defendant and Rodriguez robbed and killed him. After stuffing Rubio's body into a sleeping bag and concealing it in a wardrobe in his apartment, the defendant flew to Florida, where he was arrested for the murder some two weeks later.

On appeal, the defendant maintains that he was denied his right to a fair trial by the prosecutor's cross-examination of him, which included certain sarcastic questions and an insinuation that he had an unspecified prior criminal record. Those contentions are without merit.

We note that when the prosecutor asked the defendant whether he had planned the robbery of Miguel Rubio with Sonny Rodriguez on the afternoon of the day the murder was committed, the defendant unexpectedly responded: "Of course not. I never been incarcerated for robbery. Sonny is doing time for robbery right now". The prosecutor then asked if the defendant had been "incarcerated for other things". Clearly, the prosecutor did not deliberately elicit testimony regarding whether or not the defendant had ever been incarcerated for robbery. In any event, the defendant's nonresponsive answer to the prosecutor's question "opened the door" to the prosecutor's subsequent inquiry *(see, People v Melendez,* 55 NY2d 445).

In this instance, as in the others complained of by the

defendant on appeal, the defendant did not respond to the prosecutor's question or remark; and the court sustained defense counsel's objection and issued prompt curative instructions, with the result that any potential prejudice was dispelled (see, People v Gibbs, 59 NY2d 930; People v Galloway, 54 NY2d 396). In general, the prosecutor's questions served to clarify the testimony and were not improper (cf., People v Alicea, 37 NY2d 601; People v Stewart, 92 AD2d 226). To the extent that some of the prosecutor's questions or comments were tinged with more sarcasm than is altogether desirable, any error was harmless in view of the overwhelming evidence of the defendant's guilt, which included three separate confessions (see, People v Crimmins, 36 NY2d 230; People v Ketchum, 35 NY2d 740, cert denied 420 US 928; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). Thompson, J. P., Eiber, Rosenblatt and Miller, JJ., concur.