■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY HIGDON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's conviction of criminal possession of a weapon in the second degree (Penal Law § 265.03)

is supported by legally sufficient evidence *(see, People v Pons,* 68 NY2d 264; *People v Carrion,* 136 AD2d 649, *lv denied* 71 NY2d 967; *People v [Mark] Taylor,* 121 AD2d 581, *lv denied* 68 NY2d 817). The trier of fact properly could have inferred the requisite intent from the circumstances surrounding the shooting *(see, People v Taylor, supra,* at 582; *People v Evans,* 106 AD2d 527). Further, where one who possesses a loaded firearm is not licensed to do so, possession of that firearm is presumptive evidence of an intent to use it unlawfully against another *(see,* Penal Law § 265.15 [4]; *People v Wooten,* 149 AD2d 751, *lv denied* 74 NY2d 822; *People v Carrion, supra).* Additionally, we conclude that the verdicts were not repugnant. Acquittal of the crimes of attempted second degree murder (Penal Law §§ 110.00, 125.25 [1]) and second degree assault (Penal Law § 120.05 [2]) was not inconsistent with conviction of criminal possession of a weapon in the second degree (Penal Law § 265.03). Attempted murder and second degree assault require an intent to kill and injure, respectively, whereas criminal possession of a weapon in the second degree requires only an intent to use the weapon unlawfully against another. Finally, defendant's sentence was not harsh and excessive *(see, People v Farrar,* 52 NY2d 302, 305). (Appeal from judgment of Monroe County Court, Celli, J.—criminal possession of weapon, second degree.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.