■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GILLESPIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered March 1, 1989, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d·620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no merit to the defendant's contention that the People failed to prove that he ever intended to use the weapon unlawfully against another. Under Penal Law § 265.15 (4), if the possessor is not licensed to carry the firearm in question, mere possession of a loaded firearm is presumptive evidence of possession of the weapon with an intent to use it unlawfully against another. This statutory presumption allowed the jury to infer such intent *(see, People v Wooten,* 149 AD2d 751; *People v Evans,* 106 AD2d 527). Further, while there was evidence that the underlying shooting was accidental, the charge of criminal possession of a weapon in the second degree is not based upon the nature of its subsequent use *(see, People v Pons,* 68 NY2d 264).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Martinez,* 153 AD2d 957) and we decline to review them in the exercise of our interest of justice jurisdiction. Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.