■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COLUCCIO, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered November 1, 1988, convicting him of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the amended judgment is affirmed.

The defendant contends that his plea of guilty to criminal possession of a weapon in the second degree was insufficient since he did not expressly admit the required intent, nor did he admit facts from which such intent could be inferred. We disagree. The defendant, by his plea of guilty, forfeited the right to review of any nonjurisdictional defects in the matter *(see, People v Fernandez,* 67 NY2d 686). Here, the plea minutes indicate that the defendant acknowledged that he freely bargained for his disposition and, after consultation with his

attorney, expressed his wish to plead guilty. By doing so, he availed himself of a lesser mandatory term of incarceration and avoided the risk of conviction on all counts after trial. He should not now be heard to complain about a disposition which he sought and which benefitted him *(see, People v Rios,* 112 AD2d 327; *People v Kazepis,* 101 AD2d 816).

In any event, the plea allocution was adequate. Although the defendant must acknowledge facts sufficient to establish the commission of the crime, the "court's duty to inquire further is not triggered merely by the failure of a pleading defendant * * * to recite every element of the crime pleaded to" *(People v Lopez,* 71 NY2d 662, 666, n 2; *see also, People v Moore,* 71 NY2d 1002, 1005). Moreover, with respect to the instant crime, it has repeatedly been held that the element of intent may be inferred from all the circumstances *(see, People v Perez,* 130 AD2d 595; *People v Taylor,* 121 AD2d 581; *People v Evans,* 106 AD2d 527, 532). Where, as here, the defendant admitted possessing the gun, that the gun was loaded, and that its purpose was to protect the money and the cocaine, it can logically be inferred that he possessed the gun with the intent to use it unlawfully against another if necessary to protect his interest in a drug transaction. The court properly inquired of the defendant with respect to this issue and, having been satisfied with the defendant's response, properly deemed the plea sufficient.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.