■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANEALL BOWMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered January 4, 1989, convicting him of criminal possession of a weapon in the second degree and unlawful imprisonment in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 9, 1987, Vincent Knight and Linden Roach were returning from Aqueduct Racetrack when they stopped off at a grocery store. Once in the store, Knight was confronted by the defendant and his codefendant, Stephen Denham, who had a gun. The defendant and his codefendant pretended to be police officers and then robbed the victims. After the crime was committed, Knight and Roach got into Roach's car and drove away towards Jamaica, Queens. Shortly thereafter, Roach's car stopped at a stop sign, and the defendant and the codefendant drove up beside Roach's car. The defendant fired a couple of shots, hitting Roach, and then got out of his car, broke the window of Roach's car, and fired several more shots into the car, this time hitting Knight. The codefendant then commandeered Roach's car and drove the two wounded men for 5 to 10 minutes. Eventually, Knight was able to escape and summon police help. The police apprehended the defendant and codefendant shortly thereafter.

Since the People limited the theory of their case in the indictment, bill of particulars, and their opening statement to the shooting incident and not the incident occurring at the grocery store, the defendant could not have been validly convicted for any crimes arising from the grocery store incident *(see,* NY Const, art I, § 6; *Matter of Corbin v Hillery,* 74 NY2d 279, 290, *affd sub nom. Grady v Corbin,* 495 US 508, 110 S Ct 2084; *People v Spann,* 56 NY2d 469, 472-473).

Nevertheless, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find, despite the defendant's contentions, that the evidence was legally sufficient to support the conviction of criminal possession of a weapon in the second degree. Additionally, since the defense counsel moved to set aside the verdict after the jury had been discharged, the claim that the verdict was repugnant was unpreserved for appellate review *(see, People v Harris,* 128

AD2d 432). In any event, there is nothing inconsistent or repugnant about the jury's verdict *(see, People v Higdon,* 162 AD2d 957; *People v Harris, supra).* Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.