■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH STEWARD, Appellant. [624 NYS2d 60] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered July 23, 1992, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

That the jury found the shooting of the complainant to be justified under the particular circumstances of the case, does not mean that the defendant lacked the intent to use the gun unlawfully during the two or three-week period prior to the shooting when he admittedly possessed the gun knowing it was unregistered *(see, People v Pons,* 68 NY2d 264). "[W]here a possessor is not licensed to carry the firearm in question, possession of a loaded firearm is presumptive evidence of possessing the weapon with intent to use it unlawfully against another" *(People v Bumbury,* 194 AD2d 735; Penal Law § 265.15 [4]). This statutory presumption permits the jury to infer such intent from all the circumstances of the case *(see, People v Bumbury, supra; People v Evans,* 106 AD2d 527).

The defendant contends that the prosecutor's misconduct warrants reversal. While the conduct complained of was improper, the error was harmless as the evidence of guilt was overwhelming and the court promptly gave the jury curative instructions and imposed appropriate sanctions on the prosecutor *(see, People v Johnson,* 47 NY2d 785; *People v Arce,* 42 NY2d 179; *People v Hernandez,* 162 AD2d 549).

The defendant's remaining contentions are either not reviewable on this record or without merit. Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.