from his family *(see, People v Salaam, supra; People v Bevilacqua,* 45 NY2d 508; *People v Pica,* 159 AD2d 524, 525). While the defendant may have been intoxicated when he was arrested, the record does not support the conclusion that he was intoxicated to the degree of mania or of being unable to understand the meaning of his statements at the time he was interviewed *(see, People v Perry,* 144 AD2d 706; *People v Roth,* 139 AD2d 605, 606; *People v Cureton,* 139 AD2d 756). Accordingly, the branch of the defendant's motion which was to suppress his statements to the police was properly denied.

The defendant's contention that the sentencing court improvidently exercised its discretion when it denied his application to be adjudicated a youthful offender is without merit *(see,* CPL 720.10, 720.20). Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENIN RIOS, Appellant. [643 NYS2d 1007]

The appellant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). Mangano, P. J., Rosenblatt, O'Brien and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SANTANA, Appellant. [643 NYS2d 1006]

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, inconsistencies in the testimony of the witnesses and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84; *People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant's sentence is neither excessive nor otherwise improper *(see, People v York,* 162 AD2d 748; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORESTES SANTANA, Appellant. [643 NYS2d 1005]

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, inconsistencies in the testimony of the witnesses and the weight to be accorded to the evidence presented are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84; *People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

The defendant's sentence is neither excessive nor otherwise improper *(see, People v York,* 162 AD2d 748; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON SILVELS, JR., Appellant. [643 NYS2d 1006]

The defendant's challenges to the jury instructions are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Jones,* 55 NY2d 771, 773; *People v Wynn,* 200 AD2d 645, 646). In any event, the charge as a whole properly instructed the