OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with two counts of criminal possession of a weapon in the second degree and one count of *525 criminal possession of a weapon in the third degree for allegedly firing a handgun at two individuals, who just prior to his firing, had allegedly fired a handgun at him causing him serious physical injury. Before summations, the defendant requested that the defense of justification pursuant to Penal Law § 35.15 (2) (a) be charged (see, People v Thomas, 232 AD2d 667, lv dismissed 89 NY2d 930), and that the presumption in Penal Law § 265.15 (4) not be charged (see, People v Higdon, 162 AD2d 957, lv denied 76 NY2d 893). Both requests were denied.
The defendant argued that the jury should be instructed that the defense of justification could negative the fourth element of the crime of criminal possession of a weapon in the second degree, i.e., that the defendant possessed the loaded firearm with the intent to use it unlawfully against another (CJI[NY]2d PL 265.03).
The Court of Appeals has made it perfectly clear in People v Pons (68 NY2d 264) and People v Almodovar (62 NY2d 126) that the defense of justification is inapplicable to the crime of criminal possession of a weapon in the second degree. In Pons, the Court instructed the jury on justification with respect to murder and manslaughter charges, and in Almodovar the Court charged the jury on justification relative to attempted murder and assault charges, but both Courts refused to charge justification in relation to a criminal possession of a weapon in the second degree charge.
The Court of Appeals, as indicated, upheld those determinations of the trial courts. Pons reasoned that “justification does not negate a particular element of the crime charged” and that “because possession of a weapon does not involve the use of physical force [citation omitted], there are no circumstances when justification [citation omitted] can be a defense to the crime of criminal possession of a weapon” (supra, at 267 [emphasis added]). The rationale of Almodovar was that “a person either possesses a weapon lawfully or he does not and he may not avoid a criminal charge by claiming that he possessed the weapon for his protection. Justification may excuse otherwise unlawful use of the weapon but it is difficult to imagine circumstances where it could excuse unlawful possession of it [citation omitted]” (supra, at 130 [emphasis added]).
The quoted language from both opinions leaves no doubt that justification is no defense to this charge, but it implies that if a handgun is fired in self-defense, that fact does not counteract the element of the intent to use the handgun unlaw *526 fully against another. The result would be that a defendant would not be permitted to argue that he did not intend to use the handgun unlawfully even though he responded with deadly physical force to the use of deadly physical force against him.
However, there is other language in People v Pons (supra, at 267-268) which would indicate to the contrary, viz., “First, intent to use and use of force are not the same, and justification, by the very words of the statute [citation omitted] is limited to the latter. Second, it does not follow that because defendant was justified in the actual shooting of the weapon under the particular circumstances existing at that moment, he lacked the intent to use the weapon unlawfully during the continuum of time that he possessed it prior to the shooting. Whether the People established * * * that defendant possessed the weapon during that period ‘with intent to use [it] unlawfully against another’ [citation omitted] was a question for the jury to determine” (emphasis added).
The “continuum” referred to in People v Pons (supra) comports with the conclusion in People v Steward (213 AD2d 570) that the fact that the jury found that the shooting of the victim was justified under the circumstances at that time, by resort to the presumption, did not mean that the defendant lacked the intent to use the handgun unlawfully during the approximately two- to three-week period prior to the firing of the weapon at the victim. That case cited Pons (at 570) as authority for this conclusion.
This would encompass a scenario where a defendant possessed a loaded handgun with the intent to rob a bank, and en route to the bank an assailant fired a handgun at him. Were the defendant to return fire in an attempt to protect himself, he could claim that at that moment he did not intend to use the weapon unlawfully. He still could be convicted of criminal possession of a weapon in the second degree for his possession of the handgun for the interval prior to the unprovoked assault. Even without the presumption, during that time, the defendant intended to use the handgun unlawfully, i.e., to rob a bank (see, People v Okafore, 72 NY2d 81; People v Rodriguez, 144 AD2d 273, lv denied 73 NY2d 1021).
However, under that factual predicate, in order for the defendant to be convicted of criminal possession of a weapon in the second degree for his possession of the handgun with the intent to rob a bank, the indictment would have to charge him in one count with possession at that time and another count with possession at the time he allegedly fired his weapon in *527 self-defense. Otherwise, the indictment would be duplicitous (see, People v Davis, 72 NY2d 32 [where the defendant’s claim of duplicity was rejected, because although he fired his weapon at both the police and a civilian, the bill of particulars specified that the possession charge related only to his confrontation with the police]).
Here, the indictment in each of the two counts charged the defendant with firing his handgun at a different named individual, so the People were precluded from using the “continuum” theory, and the defendant could properly argue that as to each victim he did not possess the handgun with the intent to use it unlawfully against that particular victim, as he was defending himself. This claim does not equate with the defense of justification, as the subjective and objective elements mandated by People v Goetz (68 NY2d 96) are not involved, nor is the duty to retreat (People v Seit, 86 NY2d 92) relevant. Therefore, although the defense of justification cannot be charged to the jury, this avoidance of criminal liability is still available to the defendant.
The defendant’s second argument was that because the two individuals who were fired upon by the defendant were named in the indictment, the presumption of Penal Law § 265.15 (4) did not apply (see, People v Evans, 106 AD2d 527 [presumption is applicable and defendant could be convicted of this crime although there is no evidence of any underlying crime and no victim’s name appeared in the indictment]).
Although there is no decision directly addressing this issue, all of the cases in which a defendant is charged with assaultive crimes involving a named victim, together with the crime of criminal possession of a weapon in the second degree, have referred to the presumption and by implication sanctioned its use in these situations (People v Higdon, 162 AD2d 957, supra; People v Wooten, 149 AD2d 751, lv denied 74 NY2d 822; People v Carrion, 136 AD2d 649, lv denied 71 NY2d 967). Higdon is particularly illustrative, because, there, while reference was made to the presumption, it was also found that the requisite intent to use the weapon unlawfully could be inferred from the circumstances surrounding the shooting. That is the same situation in this case.
Accordingly, the refusal to instruct the jury on the defense of justification was proper, and the instruction to the jury on the statutory presumption was likewise proper.