**David SANTANA, Petitioner,**

v.

**Gary FILION, Supt., Marcy Correctional Facility, Respondent.**

**No. 98 CV 5138(NG).**

United States District Court, E.D. New York.

July 6, 1999.

David Santana, pro se.

Steven J. Chananie, ADA, Office of the District Attorney, Kew Gardens, NY, for Respondent.

## MEMORANDUM AND ORDER

GERSHON, District Judge.

Petitioner challenges his August 2, 1994 conviction after a jury trial in New York State Supreme Court, Queens County (Eng, J.). Petitioner was charged, along with his brother, Orestes Santana, with two counts of Murder in the Second Degree, two counts of Attempted Murder in the Second Degree, one count of Assault in the First Degree, two counts of Criminal Possession of a Weapon in the Second Degree, and two counts of Criminal Possession of a Weapon in the Third Degree. He was convicted of the two counts of Criminal Possession of a Weapon in the Second Degree, N.Y. Penal Law § 265.03, and of the two counts of Criminal Possession of a Weapon in the Third Degree, N.Y. Penal Law § 265.02; he was acquitted of the other charges, and the jury failed to reach a verdict on the lesser included charge of Manslaughter in the Second Degree. Petitioner was sentenced to concurrent indeterminate prison terms of five to fifteen years on the second degree weapon possession convictions, and two and one-third to seven years on the third degree weapon possession convictions.

The Appellate Division affirmed the convictions on June 10, 1996. It held that the evidence was legally sufficient to establish the defendant's guilt, that the sentence was neither excessive nor otherwise improper, and that the defendant's other contentions were either unpreserved for appellate review or without merit. *People v. David Santana,* 228 A.D.2d 526, 643 N.Y.S.2d 1005 (2d Dep't 1996). Leave to appeal to the New York Court of Appeals was denied on September 9, 1996. *People v. David Santana,* 88 N.Y.2d 1024, 651

N.Y.S.2d 23, 673 N.E.2d 1250 (1996) (Smith, J.). Petitioner's motion to vacate the judgment pursuant to Criminal Procedure Law § 440.10 on the ground of ineffective assistance of counsel was denied on August 27, 1997, and the Appellate Division denied leave to appeal on November 14, 1997.

Petitioner filed a petition for a writ of habeas corpus in this court on August 10, 1998. He alleges that (1) the evidence was not sufficient to support the guilty verdicts on the second degree weapon possession charges; (2) the evidence was insufficient to establish petitioner's possession of one of the two weapons; (3) the trial court failed to marshall the evidence and failed to properly instruct the jury as to the statutory presumption of intent on the second degree weapon possession charges, which resulted in an impermissible shifting of the burden of proof; and (4) the sentence was illegal and excessive as a matter of law.

## FACTS

The prosecution presented evidence at trial that, on April 1, 1993, petitioner and his brother, Orestes Santana, were in possession of two guns, which they had purchased on the street, and for which they had neither licenses nor permits.

The chief witness for the prosecution was Thomas Bland, who testified that he and his friends, Ryan Owens and Larry Fernandez, arrived at the Mars Deli in Flushing, Queens, at approximately the same time as the petitioner, his brother, Orestes Santana, and the Santanas' friend, Moses Olarte. Bland stated that he left the deli when he heard his friend Fernandez arguing with people outside. When he got outside, he saw Orestes Santana and Moses Olarte arguing with Fernandez. When Bland told Orestes Santana and Olarte to back off, Orestes Santana waved two guns at him. Orestes then called for petitioner, who came out of the deli; Orestes handed petitioner a gun. Bland testified that his other friend, Owens, then told petitioner, petitioner's brother, and Olarte that Bland and Fernandez were his friends. Petitioner and his brother then put their guns away. However, according to Bland's testimony, petitioner and his brother began speaking in Spanish and then both pulled their guns out and started shooting. Bland was shot in the stomach, and his friend Ryan Owens was killed, by petitioner. The prosecution also presented testimony from petitioner's friend Moses Olarte that petitioner shot both Bland and Owens, as well as testimony from police officers who arrived after the shooting.

The principal defense to all of the charges, except those upon which the petitioner was convicted (to which it was not applicable, *see People v. Pons,* 68 N.Y.2d 264, 508 N.Y.S.2d 403, 501 N.E.2d 11 (1986)), was justification. Both defendants testified. Each admitted that he was carrying a gun on April 1, 1993. Petitioner, in his testimony, recounted that he and his brother had purchased the guns on the street. He stated that he had purchased the gun for self-protection, adding that he had previously been the victim of a number of robberies and assaults. Petitioner stated that, after setting out for the deli on April 1, he and his brother decided to return to their house and retrieve their guns. After they arrived at the deli, petitioner gave his brother his gun and went inside. Orestes Santana testified that three men, including Bland, then approached him, threatened him, and asked him for money. Petitioner testified that he heard loud voices when he was inside the deli and came outside, where he saw his brother and three other men—Bland, Owens, and Femandez. Petitioner's brother told petitioner that he was being robbed and that the men had guns. Petitioner testified that he then took a gun out of his brother's pocket, and that Bland threatened him. Despite petitioner's pleas to forget the incident and disperse, Bland, according to petitioner's testimony, continued to threaten him and advanced towards him. When Bland pulled something out of

his pocket which petitioner believed to be a gun, petitioner fired his gun; Bland fell. Owens then ran toward petitioner and petitioner again fired his gun.

### Insufficiency of the Evidence

■ On habeas corpus review, federal courts are not empowered to review the evidence presented to a jury de novo. Petitioner's claim that the evidence was insufficient to support a conviction depends on whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324, n. 16, 99 S.Ct. 2781. "Guilt beyond a reasonable doubt may be established entirely by circumstantial evidence, and this evidence must not be reviewed piecemeal, but rather as a whole." *Maldonado v. Scully,* 86 F.3d 32, 35 (2d Cir.1996) (citations omitted).

■ According to New York law, "a person is guilty of criminal possession of a weapon in the second degree when he possesses a machine-gun or loaded firearm with intent to use the same unlawfully against another." N.Y. Penal Law § 265.03. Petitioner claims that his use of the weapon was justified by self-defense; however, as he himself notes, the claim of justification does not negate any of the elements of the crime of weapon possession. *See People v. Pons,* 68 N.Y.2d 264, 267, 508 N.Y.S.2d 403, 501 N.E.2d 11 (1986). Petitioner's claim that his acquittal on the second degree murder, attempted murder, and assault charges required a finding of not guilty on the second degree weapon possession charges is not correct. *See id.; People v. Taylor,* 121 A.D.2d 581, 503 N.Y.S.2d 632 (2d Dep't 1986). As the trial judge, Judge Eng, said, in denying petitioner's Section 440.10 motion, "the fact that the jury found the shooting of the

complainants to be justified does not mean that defendants lacked the intent to use the guns unlawfully prior to the shooting when they admittedly possessed the guns knowing they were unregistered." *People v. David Santana,* Ind. No. 1660/93, (Aug. 27, 1997). Upon all of the facts, there was sufficient evidence for a rational trier of fact to find him guilty of second degree weapon possession.

■ Petitioner also claims that there was not enough evidence to convict him of possession of both of the guns, since one belonged to his brother and was not in petitioner's physical possession. Petitioner and his brother were charged with two counts of second degree weapon possession under an "acting in concert" theory. New York imposes accessorial criminal liability on a defendant when "acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids" another to commit a crime. N.Y. Penal Law § 20. There was evidence presented that petitioner and his brother made a mutual decision to bring their guns with them and that they knew that the other possessed a firearm; moreover, they passed the guns back and forth to each other. Accordingly, construing the evidence in the light most favorable to the prosecution, the record reveals ample evidence to support a finding of criminal possession of both guns beyond a reasonable doubt.

### Judge's Instructions

Petitioner claims that the trial judge committed a constitutional error by failing to marshall the evidence and by his instructions to the jury as to the presumption of intent.

■ Federal habeas corpus review of a state conviction is prohibited if a state court judgment is based on an "adequate and independent state ground," *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), such as a state procedural bar rule. However, "a procedural

default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263, 109 S.Ct. 1038, *quoting Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). In this case, the ruling of the Appellate Division, which was the last state court to issue a decision on the subject, does not specify whether petitioner's claim, that the trial judge had erred by failing to marshall the evidence and properly instruct the jury as to the presumption of intent, was either not preserved for appellate review or was meritless, and there is no way to determine circumstantially that the court declined to review it on procedural grounds. Therefore, this court can consider petitioner's claim. *See Tankleff v. Senkowski,* 135 F.3d 235, 247 (2d Cir.1998); *Bolling v. Stinson,* No. 97–CV–6721, 1999 WL 287733, 1999 U.S. Dist. LEXIS 6620, at *14 n. 7 (E.D.N.Y. May 5, 1999).

■ Before a federal court may overturn a conviction based upon a challenged jury charge, it must determine "not merely that the instruction [was] undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was granted to the defendant by the Fourteenth Amendment." *Cupp v. Naughten,* 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Without such a showing, "a jury charge in a state trial is normally a matter of state law" and is not subject to federal habeas corpus review. *United States ex rel Stanbridge v. Zelker,* 514 F.2d 45, 50 (2d Cir.), cert. denied, 423 U.S. 872, 96 S.Ct. 138, 46 L.Ed.2d 102 (1975). The Due Process Clause requires the State to prove guilt beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Here, petitioner is arguing that portions of the judge's jury instructions improperly shifted to petitioner the prosecution's burden of proof.

■ The challenged portion of the jury instruction on the second degree weapon possession charges reads:

Element four: That the defendant acting in concert with his brother possessed the loaded firearm with intent to use it unlawfully against another.

The fact of intent on the part of a person who possesses a loaded firearm to use such loaded firearm unlawfully against another is of ten the secret operation of such person's mind.

Therefore, the law permits but does not require the jury to presume or infer intent in some circumstances. According to the law, a person intends to use a loaded firearm unlawfully against another when his conscious aim or objective is to use it unlawfully against another.

According to the law, the possession by a person of a weapon is presumptive evidence of intent to use the same unlawfully against another. This means that after consideration of all of the evidence in the case, you may presume or infer from the defendant's possession of a loaded firearm that he intended to use it unlawfully against another or you may reject such presumption or inference.

However, the fact that you may infer such lawful intention does not shift to the defendant, any burden of proof whatsoever. The burden of proof remains on the prosecution throughout the case.

Tr. At 1550–1552.

Upon reviewing the entire jury charge, there is no indication that the trial judge shifted the burden of proof. He repeatedly told the jury that the burden of proof was on the People and that the burden never shifts to the defendant. Most importantly, he charged only a permissive inference. Because a permissive presumption "leaves the trier of fact free to credit or reject the inference and does not shift the burden of proof, it affects the application of the 'beyond a reasonable doubt' standard only if, under the facts of the case, there is no rational way the trier

could make the connection permitted by the inference." *Ulster County Court v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Since, as noted above, the trier of fact rationally could have drawn the inference based on the evidence presented in this case, petitioner's claim that the jury instructions shifted the prosecution's burden of proof is without merit.

■ Petitioner's claim that the trial judge improperly failed to marshall the evidence has no merit. There is no federal constitutional obligation to marshall the evidence. The trial judge's charge was fair and balanced. The judge made clear his neutral position in the case, stressed the jury's role as the fact finder, and emphasized that the burden of proof lay with the prosecution.

### Excessive Sentence

■ Sentences that are "grossly disproportionate" to the crime violate the Eighth Amendment. *Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Here, no such disproportionality is present. The petitioner claims that, since he should have been convicted only of the lesser offense of criminal possession of a weapon in the third degree, he was given an excessive sentence. Since the petitioner was properly convicted of criminal possession of a weapon in the second degree, and since he does not contest the legality of the sentence for that crime, the petitioner's excessive sentence claim does not raise a constitutional question and is unreviewable here. *See Underwood v. Kelly,* 692 F.Supp. 146, 152 (E.D.N.Y.1988), *aff'd* 875 F.2d 857 (2d Cir.1989).

### CONCLUSION

For the above stated reasons, the petition for a writ of habeas corpus is hereby denied.

**SO ORDERED.**