■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNOLD GUERRIER, Appellant. [738 NYS2d 230] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 4, 1999, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Martin, J.), of those branches of the defendant's omnibus motion which were to

suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

We agree with the hearing court that the defendant's arrest was supported by probable cause (*see, People v O'Neal,* 248 AD2d 561; *People v Sledge,* 225 AD2d 711). As to the defendant's statements, he correctly contends that his first statement made in response to custodial interrogation prior to the administration of *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436) should have been suppressed (*see, People v Soto,* 183 AD2d 926). However, the error in admitting the statement, which was essentially exculpatory, was harmless beyond a reasonable doubt in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). The hearing court properly concluded that the defendant's second statement was admissible since it was a spontaneous statement and not the product of police interrogation (*see, People v Overby,* 251 AD2d 163, 164).

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Bumbury,* 194 AD2d 735; *People v Gillespie,* 168 AD2d 567). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that he is entitled to a new suppression hearing because of a *Rosario* violation (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) is also unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, a new hearing is not warranted because the defendant has failed to demonstrate prejudice (*see,* CPL 240.75; *People v Sorbello,* 285 AD2d 88, *lv denied* 97 NY2d 658).

The defendant's challenges to the remarks made in the prosecutor's summation are partly unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the remarks were either responsive to the defendant's summation (*see, People v Turner,* 214 AD2d 594), ameliorated by the court's instructions, or harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins, supra; People v Small,* 286 AD2d 513). Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.