Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 27, 2001, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, he was not deprived of his right to be present at a particular sidebar conference, as the conference concerned purely legal matters (see People v DePallo, 96 NY2d 437 [2001]; People v Rodriguez, 85 NY2d 586, 590-591 [1995]; People v Polite, 291 AD2d 511 [2002]).
The defendant’s contention that the evidence was legally insufficient to establish his guilt of the crime of criminal possession of a weapon in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Udzinski, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecu *613 tion (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see Penal Law § 265.15 [4]; People v Topsy, 265 AD2d 353 [1999]; People v Steward, 213 AD2d 570 [1995]; People v Bumbury, 194 AD2d 735 [1993]; People v Gillespie, 168 AD2d 567 [1990]; People v Wooten, 149 AD2d 751 [1989]; People v Carrion, 136 AD2d 649 [1988]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]; People v Steward, supra).
The defendant’s contention that the sentencing court improperly considered charges of which he was acquitted as a basis for imposing sentence is unpreserved for appellate review (see CPL 470.05 [2]; People v Emmanus, 300 AD2d 504 [2002]), and, in any event, is without merit (see People v Robinson, 250 AD2d 629 [1998]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). S. Miller, J.P., Krausman, Townes and Cozier, JJ., concur.