█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN ASTWOOD, Appellant. [894 NYS2d 751]—

Judgment, Supreme Court, New York County (Robert Stolz, J.), rendered July 30, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the fourth degree and criminal possession of marijuana in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The court properly admitted, with limiting instructions, a series of items of physical evidence recovered in close temporal and spatial proximity to defendant's arrest that suggested uncharged criminal activity. This evidence was closely connected to the charged crimes, supported the unlawful intent element of the second-degree weapon charges (*see People v Coluccio*, 170 AD2d 523, 524 [1991], *lv denied* 77 NY2d 993 [1991]), and tended to complete the narrative of events leading to defendant's arrest (*see People v Till*, 87 NY2d 835, 837 [1995]). Contrary to defendant's claim that the disputed evidence was unnecessary to establish intent, the presumption of unlawful

intent in Penal Law § 265.15 (4) is a permissive inference that the jury may reject. Moreover, the People "were not bound to stop after presenting minimum evidence" (*People v Alvino*, 71 NY2d 233, 245 [1987]). In any event, any error in admitting the challenged evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.