11-3434-pr
Pagan v. Brown

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of June, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> > Circuit Judges.

- - - - - - - - - - - - - - - - - - -x

CHRISTOPHER PAGAN,
> Petitioner-Appellant,

-v.- 11-3434-pr

WILLIAM D. BROWN, SUPERINTENDENT OF
EASTERN CORRECTIONAL FACILITY,
> Respondent-Appellee.

- - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT: ALAN M. NELSON, Lake Success, New York.

FOR RESPONDENT-APPELLEE: MICHAEL J. MILLER, Assistant District Attorney, for Thomas J. Spota, District Attorney, Suffolk County, Riverhead, New York.

Appeal from the United States District Court for the Eastern District of New York (Seybert, J.).

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-appellant Christopher Pagan appeals from the district court's judgment entered on July 29, 2011, pursuant to the district court's memorandum and order dated July 27, 2011, denying Pagan's petition for a writ of habeas corpus.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issue on appeal.

We review a district court's denial of a writ of habeas corpus de novo, reviewing any factual findings for clear error. Drake v. Portuondo, 553 F.3d 230, 239 (2d Cir. 2009). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a habeas petition on a claim that was adjudicated on the merits in state court unless the adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).

On appeal to the Appellate Division, Second Department, Pagan contended, inter alia, that the trial court committed reversible error in permitting reference to his post-arrest silence, thus violating his constitutional rights under Doyle v. Ohio, 426 U.S. 610 (1976). The Appellate Division affirmed Pagan's conviction. People v. Pagan, 805 N.Y.S.2d 557, 558 (2d Dep't 2005).

-2-

We have independently reviewed the record in light of these principles, and we conclude that the state court's adjudication of Pagan's Doyle claim was not contrary to or an unreasonable application of Federal law. Accordingly, we affirm the district court's denial of Pagan's habeas petition for substantially the reasons articulated by the district court.

In Doyle, the Supreme Court held that "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. at 619. The Court reasoned that "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." Id. at 618.

On collateral review of an alleged Doyle violation, we apply the harmless error standard set forth in Kotteakos v. United States, 328 U.S. 750 (1946), analyzing "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 629-30 637-38 (1993) (quoting Kotteakos, 328 U.S. at 776, and rejecting the more stringent "harmless-beyond-a-reasonable-doubt standard" set forth in Chapman v. California, 386 U.S. 18 (1967)); accord Fry v. Pliler, 551 U.S. 112, 119-22 (2007) (discussing Brecht post-AEDPA); see also Wood v. Ercole, 644 F.3d 83, 93-94 (2d Cir. 2011) (recognizing Fry).

Pagan contends the following testimony elicited by the trial court from an arresting officer during direct examination by the state constituted a violation of his due process rights under Doyle:

> THE COURT: Tell me what you did concerning this arrest with this defendant.
>
> A (continuing) I read him his rights. I told him he has the right to remain silent. I told him that anything he said can and would be used against him in a court of law. I told him that if he had to go to trial over this matter, if he couldn't afford an attorney, that an attorney would be provided for him by the Court. And I asked him if he understands these rights, he indicated that he did and I asked him if there was anything he wanted to say to us at this time and he said no.

(Trial Tr. 146-47). This exchange was prompted by defense counsel's request that the arresting officer explain to the jury what he did when he "Mirandized" Pagan at the time of his arrest. (See id. at 142-43, 145-46). Indeed, the prosecutor wanted to "move on" for fear the officer would volunteer that Pagan invoked his right to remain silent (see id. at 142-43), but defense counsel persisted (see id. at 145). The prosecutor's fear was realized when the officer explained what he did to "Mirandize" Pagan. (See id. at 146-47).

We conclude that the state court's decision to reject the Doyle claim was neither contrary to nor involved an

-4-

unreasonable application of clearly established Federal law.  See 28 U.S.C. § 2254(d)(1).  First, it is not clear that the trial court's inquiry and the arresting officer's testimony violated Pagan's constitutional rights under Doyle.  The elicitation itself was not improper, nor was the resulting testimony used for impeachment or argued to the jury.  See Greer v. Miller, 483 U.S. 756, 764 (1987) (finding no constitutional violation where prosecution was not permitted to impeach on or "call attention to" defendant's post-arrest silence (internal quotation marks omitted)); Doyle, 426 U.S. at 619 (specifying impermissible "use" of defendant's post-arrest silence "for impeachment purposes"); United States v. Grubczack, 793 F.2d 458, 462 (2d Cir. 1986) (finding no constitutional violation where government did not use testimony of defendant's post-arrest silence to impeach defendant or argue significance of defendant's post-arrest silence).

Second, even assuming there was a Doyle violation, any such error did not have a "substantial and injurious effect" on the jury's verdict and was therefore harmless.  See Brecht, 507 U.S. at 637 (internal quotation marks omitted).  Pagan was convicted of Criminal Possession of a Weapon in the Second Degree, which required proof of possession of a loaded firearm with intent to use it unlawfully against another person.  See N.Y. Penal Law § 265.03(2) (effective to Dec. 20, 2005).  The jury heard testimony that the police recovered a loaded gun from

-5-

the car that Pagan was driving.[1]  (Trial Tr. 136, 150, 225-26). Pagan admitted in subsequent post-arrest statements that the gun was in his possession.  (Id. at 278-79).  Further, the parties stipulated on the record that Pagan did not have a New York State pistol permit or license to carry a firearm at the time of his arrest.[2]  (Id. at 215).  Moreover, police recovered a mask, a fake beard, gloves, and other items from the car Pagan was driving (id. at 134-36, 140), which indicated he planned to use the firearm to commit a robbery.  Even absent the arresting officer's testimony regarding Pagan's post-arrest silence, the evidence was more than sufficient to establish Pagan's guilt, rendering any potential error harmless.

We have considered Pagan's other arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.


                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, CLERK

---

[1]    In New York, the presence of a firearm in an automobile is presumptive evidence of its possession by any person inside the automobile.  N.Y. Penal Law § 265.15(3) (effective to Oct. 31, 2000).

[2]    Possession of an unlicensed, loaded firearm is "presumptive evidence of . . . intent to use it unlawfully against another" and permits the jury "to infer such intent." People v. Wooten, 540 N.Y.S.2d 533, 534 (2d Dep't 1989).